**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10490 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00647-FRZ |
| v. | |
| JOHN JAY POWERS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

John Jay Powers appeals from the district court's judgment and challenges the 33-month sentence imposed following his guilty-plea conviction for assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1), (b).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Powers contends that the district court procedurally erred by failing to address adequately his arguments in favor of a lower sentence. We review for plain error. *See United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010). The record reflects that the court considered the 18 U.S.C. § 3553(a) sentencing factors and Powers' arguments in mitigation, and adequately explained the within-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (an adequate explanation "communicates that the parties' arguments have been heard, and that a reasoned decision has been made"). Powers has not demonstrated a reasonable probability that he would have received a different sentence had the district court explicitly addressed each of his mitigating arguments. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Powers also argues that his sentence is substantively unreasonable in light of various factors, including his serious mental illness, the length of the sentences he is already serving, and the circumstances of the offense. We conclude that Powers' 33-month sentence, only 12 months of which will run consecutively to his previously imposed sentence, is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Blinkinsop*, 606 F.3d at 1116.

**AFFIRMED.**

15-10490